**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| YURISDEL SANCHEZ MADRUGA )<br>(A# 246-004-016), )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Juan Agudelo, in his official capacity as Field )<br>Office Director, U.S. Immigration and Customs )<br>Enforcement Miami Field Office, Warden of the )<br>Krome Processing Center; Markwayne Mullin, )<br>Secretary of the U.S. Department of Homeland )<br>Security; and Pam Bondi, Attorney General of )<br>the United States, )<br>    Respondents. )<br>_____ ) | Case No.1:26cv22206 |

**PETITION FOR WRIT OF HABEAS CORPUS**
**Pursuant to 28 U.S.C. § 2241**

**TO THE HONORBALE JUDGE OF SAID COURT:**

**NOW COMES**, Petitioner, **Yurisdel Sanchez Madruga** ("Petitioner"), by and through

undersigned counsel, respectfully petitions this Court for a Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241 and states as follows:

**I. INTRODUCTION**

1. Petitioner, Yurisdel Sanchez Madruga, is a Cuban national currently detained by U.S.

    Immigration and Customs Enforcement ("ICE").

1

2. Petitioner came to the United States in 2022 and after being processed by the immigration proceedings, he was released on his own recognizance with an I-220a stating that the Petitioner was released pursuant to DHS' authority under INA § 236.[1]

3. On January 27, 2026, Petitioner attended a master hearing before the Miami Immigration Court. DHS orally moved to dismiss the Petitioner's case, and the Immigration Judge granted DHS' motion. While leaving the court room, ICE officers detained Petitioner and has been detained since then.

4. Petitioner's continued detention is unlawful and unconstitutional. Despite having no criminal history, having been previously released under Form I-220A, and having a pending appeal before the Board of Immigration Appeals ("BIA"), Petitioner has been detained without any meaningful opportunity to seek release.

5. This prolonged civil detention, without a constitutionally adequate bond hearing, violates the Due Process Clause of the Fifth Amendment.

6. Absent relief from this Court, Petitioner will remain subject to indefinite and arbitrary detention, even though less restrictive alternatives are clearly available.

## II. JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241, as Petitioner is in custody under the authority of the United States and challenges the legality of his detention as violating the Constitution and laws of the United States.

8. This Court also has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the Fifth Amendment to the United States Constitution.

---

[1] 8 U.S.C. § 1226 is the codified version of INA 236.

9.  Jurisdiction is further supported by the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, which guarantees the availability of habeas corpus to challenge unlawful detention. Petitioner is detained within the Southern District of Florida, and therefore this Court has authority to grant habeas relief.

### III. PARTIES

10. **Petitioner:** Yurisdel Sanchez Madruga is a citizen of Cuba currently detained at the Florida Soft Side South, Ochopee, Florida.

11. **Respondent:** Juan Agudelo, Field Office Director, U.S. Immigration and Customs Enforcement Miami Field Office, Warden of the Krome Processing Center, who exercises legal authority over Petitioner's Detention.

12. **Respondent:** Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, responsible for Immigration Detention.

13. **Respondent:** Pam Bondi, Attorney General of The United States, responsible for immigration adjudication.

### IV. PRELIMINARY STATEMENT

14. This is a civil habeas corpus action challenging Petitioner's ongoing immigration detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") without constitutionally adequate procedural protections.

15. Although immigration detention is civil rather than punitive, Petitioner has been deprived of his liberty for an extended period while his removal proceedings remain pending, without a meaningful opportunity to secure release.

16. Federal courts consistently recognize that prolonged civil detention without adequate process raises serious constitutional concerns. See *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Jennings v. Rodriguez*, 583 U.S. 281 (2018).

## V. STATEMENT OF FACTS

17. Petitioner, Yurisdel Sanchez Madruga, is a citizen and national of Cuba who entered the United States in 2022. He was subsequently placed in removal proceedings and DHS released him on his own recognizance with an I-220A, demonstrating that the government determined Petitioner did not pose a danger to the community or a risk of flight.

18. During the pendency of those proceedings, Petitioner sought protection in the form of asylum by filing Form I-589, Application for Asylum and for Withholding of Removal.

19. On January 27, 2026, Petitioner appeared before the Immigration Court for further proceedings in his case. That day, DHS orally asked the Immigration Judge to dismiss Petitioner's proceedings and the dismissal was granted. Following that appearance, and upon exiting the courtroom, Petitioner was taken into custody by ICE and has remained detained since that day.

20. Petitioner timely appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), and that appeal remains pending. As a result, Petitioner's removal order is not administratively final, and his immigration proceedings are ongoing.

21. Despite the non-final posture of his case, Petitioner has been subjected to continuous civil detention without being afforded a bond hearing or any meaningful opportunity to seek release. At no point has the government been required to justify Petitioner's continued detention before a neutral decisionmaker.

22. Petitioner has no criminal history, has complied with all immigration requirements, and previously demonstrated his reliability and compliance when released on his own recognizance. Nevertheless, he remains detained without any individualized determination that his continued confinement is necessary to serve any legitimate governmental purpose.

23. Petitioner's ongoing detention has imposed significant hardship, including the inability to adequately assist in the preparation of his legal case, limited access to counsel, emotional distress, and separation from the community. Given his prior release and compliance, less restrictive alternatives to detention are readily available, rendering his continued confinement unnecessary and excessive.

## VI. LEGAL GROUNDS FOR RELIEF

### COUNT I: PROLONGED CIVIL DETENTION WITHOUT ADEQUATE PROCESS VIOLATES THE FIFTH AMENDMENT.

24. The Fifth Amendment's Due Process Clause applies to all persons within the United States, including noncitizens. See *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Immigration detention must bear a reasonable relationship to its purpose and cannot become arbitrary or excessive. *Id.* at 690. Prolonged detention without a meaningful opportunity to obtain release violates due process. See *Jennings v. Rodriguez*, 583 U.S. 281 (2018) (acknowledging serious constitutional concerns with prolonged detention).

25. Civil immigration detention must be reasonably related to its purpose and accompanied by adequate procedural safeguards. Here, Petitioner has been detained since January 27, 2026, without being afforded any meaningful opportunity to seek release, including the absence of a bond hearing or individualized custody determination. Such detention is inherently arbitrary.

26. The Supreme Court has recognized that individuals detained under 8 U.S.C. § 1226(a) are entitled to custody determinations, including bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (noting that federal regulations provide for bond hearings for individuals detained under § 1226(a). Despite this, Petitioner has been deprived of any such process.

27. Courts on the Eleven Circuit have emphasized that detention without access to these procedural safeguards is unlawful. As the Court explained in *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) a noncitizen detained under § 1226(a) must be provided the statutory process, including a bond hearing. Similarly, the court found that failure to provide a bond hearing under § 1226(a) renders detention unlawful. See *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

28. Courts across the country have held that due process requires a custody hearing at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary. See, e.g., *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020); *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017).

29. Because Petitioner has been detained without any opportunity to challenge his confinement before a neutral decisionmaker, his continued detention violates due process.

## COUNT II: UNLAWFUL DETENTION UNDER THE IMMIGRATION AND NATIONALITY ACT.

30. Petitioner's continued detention is not authorized under the Immigration and Nationality Act because it is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). The distinction is critical: § 1225 applies to individuals "seeking admission," while § 1226 applies to

noncitizens already present in the United States and placed in removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

31. The Eleven Circuit court have repeatedly rejected the government's attempt to classify noncitizens who have already entered the United States as "applicants for admission" subject to mandatory detention. In *Hinojosa Garcia v. Noem* (M.D. Fla. Oct. 31, 2025) the court held that a noncitizen who had been living in the United States was properly detained under § 1226(a), not § 1225(b)(2), and therefore entitled to a bond hearing. See also *Vasquez Carcamo v. Noem* 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

32. The same conclusion was reached in *Martinez Garcia v. Bondi*, No. 2:25-cv-01158 (M.D. Fla. Dec. 22, 2025) where the court held that a noncitizen present in the United States and detained during removal proceedings must be afforded a bond hearing under § 1226(a) and ordered the government to provide such hearing or release the petitioner.

33. These decisions reflect a consistent and growing consensus rejecting the government's reliance on *Matter of Yajure Hurtado*[2] and related DHS policy changes, which improperly expand § 1225 beyond its statutory limits.

34. Here, Petitioner was present in the United States, was previously released under supervision, and was later detained after appearing in immigration court. Under these circumstances, he is not an "arriving alien" or an individual "seeking admission." Accordingly, his detention is governed by § 1226(a), and he is entitled to a bond hearing. Respondents' failure to provide such process renders his detention unlawful.

---

[2] The Board of Immigration Appeals concluded that immigration judges lack authority to conduct bond hearings for noncitizens who entered the United States without inspection, reasoning that such individuals are treated as applicants for admission under 8 U.S.C. § 1225(b)(2)(A) and are therefore subject to mandatory detention during the pendency of their removal proceedings. 29 I&N Dec. 216 (B.I.A. 2025)

## COUNT III: DETENTION IS EXCESSIVE AND NOT NARROWLY TAILORED TO SERVE ANY LEGITIMATE GOVERNMENT PURPOSE

35. The government's legitimate interests in immigration detention are limited to ensuring appearance at proceedings and protecting the community. Petitioner was previously released under an Order of Release on Recognizance, demonstrating that less restrictive alternatives to detention are effective in his case. Since there has been no individualized determination that Petitioner presents a danger or flight risk that cannot be mitigated through conditions of supervision, continued detention is excessive, punitive in effect, and unconstitutional. See *Zadvydas*, 533 U.S. at 690.

36. Petitioner has no criminal history and was previously released under Form I-220A, demonstrating that the government itself determined that detention was not necessary to mitigate any risk of flight or danger. Despite this prior determination, Petitioner was abruptly re-detained following a court appearance, without any new evidence or individualized assessment justifying his confinement.

37. Here, Respondents have provided no justification for reversing their prior decision to release Petitioner, nor have they offered any mechanism for Petitioner to challenge his detention. Under these circumstances, continued detention is excessive, not narrowly tailored, and punitive in effect.

38. Accordingly, Petitioner's detention violates the Due Process Clause and must be terminated, or at a minimum, Petitioner must be afforded a prompt bond hearing.

## VII. REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Petitioner, **Yurisdel Sanchez Madruga** respectfully requests that this Court:

8

A.  Assume jurisdiction over this action pursuant to 28 U.S.C. § 2241;

B.  Declare that Petitioner's continued detention without a constitutionally adequate custody hearing violates the Fifth Amendment;

C.  Order Respondents to immediately release Petitioner from ICE custody; or, in the alternative,

D.  Order Respondents to provide Petitioner with a prompt bond hearing before an Immigration Judge at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is justified; and

E.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*//S// Irma Yanet Ramirez*
Irma Y. Ramirez, Esq.
Law Office of Irma Y. Ramirez P.A.
2435 Hollywood Blvd
Hollywood, FL 33020
Phone: (786) 395-4874
Email: Irma@iramirezlaw.com

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| YURISDEL SANCHEZ MADRUGA (A# 246-004-016),     Petitioner,<br><br>v.<br><br>Juan Agudelo, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement Miami Field Office, Warden of the Krome Processing Center; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, Attorney General of the United States,     Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:26cv22206 |

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
Pursuant to 28 U.S.C. § 2241**

---

On this day, the Court considered Petitioner **Yurisdel Sanchez Madruga** Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having reviewed the petition, the response (if any), and the applicable law, the Court finds that the petition should be **GRANTED.**

The Court finds that:

1. Petitioner is presently held in custody within the Southern District of Florida, Miami Division.

2. There is no valid arrest warrant, indictment, criminal complaint, or lawful order supporting Petitioner's detention.

3. Petitioner's continued detention violates the Fourth Amendment's probable cause requirement and the Fifth Amendment's due process protections.

10

4.  No statutory or regulatory authority exists to justify the continued detention under the present circumstances.

**IT IS THEREFORE ORDERED that:**

1.  The Petition for Writ of Habeas Corpus is **GRANTED.**

2.  Respondent shall **immediately release** Petitioner **Yurisdel Sanchez Madruga** from custody.

3.  The Clerk of Court shall enter judgment in favor of Petitioner.


SIGNED this ___ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| YURISDEL SANCHEZ MADRUGA<br>(A# 246-004-016),<br>    Petitioner,<br><br>v.<br><br>Juan Agudelo, in his official capacity as Field<br>Office Director, U.S. Immigration and Customs<br>Enforcement Miami Field Office, Warden of the<br>Krome Processing Center; Markwayne Mullin,<br>Secretary of the U.S. Department of Homeland<br>Security; and Pam Bondi, Attorney General of<br>the United States,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:26cv22206

---

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

---

I represent Petitioner, Yurisdel Sanchez Madruga, and submit this verification on his behalf.

I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus

are true and correct to the best of my knowledge.

Dated this _____ day of _____ 2026.

Respectfully submitted,

*//S// Irma Yanet Ramirez*
Irma Y. Ramirez, Esq.
Law Office of Irma Y. Ramirez P.A.
2435 Hollywood Blvd
Hollywood, FL 33020
Phone: (786) 395-4874
Email: Irma@iramirezlaw.com

12