UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:26-cv-22206-KMW

YURISDEL SANCHEZ MADRUGA,

    *Petitioner*,

v.

 JUAN AGUDELO, *et al.*,

    *Respondents*.

_____/

**RETURN TO PETITION FOR WRIT OF HABEAS CORPUS**

Respondents,[1] through the undersigned Assistant U.S. Attorney and pursuant to the Court's *Order to Show Cause* [DE 3], respond to the *Petition for Writ of Habeas Corpus* [DE 1] (the Petition).

**OVERVIEW**

Petitioner Adrian Marcos Lopez Castaneda (Petitioner), a native and citizen of Cuba, challenges his immigration detention as unlawful or unconstitutional and seeks immediate release or to be presented to an immigration judge for a bond hearing. *See generally* Petition. In support, Petitioner argues that his immigration detention is governed by 8 U.S.C. § 1226(a) and not the mandatory detention provision at § 1225(b)(2). *Id.*

---

[1] Several of the named respondents are not proper parties-defendant to this habeas action and should be dismissed. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); *Mayorga v. Meade*, No. 24-cv-22131, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) (substituting as respondent the Assistant Field Director of facility where petitioner was detained because denial of a habeas petition for failure to name proper respondent would give an unreasonably narrow reading to habeas corpus statute).

<u>**RESPONSE**</u>[2]

The government has carefully reviewed the Petition; its factual and procedural allegations are sufficient to allow this Court to decide the dispositive question of law it presents: whether Petitioner's immigration detention is governed by 8 U.S.C. § 1225(b)(2) or § 1226(a) and, relatedly, whether Petitioner is entitled to an individualized bond hearing before the immigration court. *See e.g.* Petition at ¶ 30.

## I.       Venue is improper and the Court lacks subject matter jurisdiction

As a threshold matter, on the face of the Petition, venue is improper in the Southern District of Florida because Petitioner is not detained in this judicial district; he affirmatively alleges (and is, in fact) detained at the Florida Soft Side Detention Facility a/k/a Alligator Alcatraz (AA). Petition at ¶ 10; *see also* **Exhibit A**. Detention History. But AA (like the rest of Collier County) is situated within the Middle District of Florida. 28 U.S.C. § 89(b).

The Supreme Court has interpreted the "within their respective jurisdiction" provision of the habeas statute to mean that a habeas petitioner challenging his detention must file a petition for writ of habeas corpus in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *see also Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Accordingly, Respondents submit that a transfer to the Middle District of Florida would be required. However, given the Court's order to show cause and prior rulings regarding venue / jurisdiction, Respondents nevertheless respond to the Petition

---

[2] In light of the unprecedented volume of immigration habeas petitions and this Court's prior decisions on the identical legal question this Petition presents, Respondents respectfully submit this *truncated* return to Petition, in lieu of a formal memorandum of law and fact. They do so to conserve judicial and party resources, to expedite the Court's consideration of the Petition, and to preserve Respondents' legal arguments for appeal. If the Court prefers to receive a formal memorandum of law and fact, Respondents will prepare and submit one upon request.

on the merits—albeit in an abbreviated fashion given this Court's prior decisions on the dispositive issue of law this case presents.

### II.   Petitioner is an "applicant for admission" subject to mandatory detention

Respondents submit that Petitioner is subject to detention under Section 1225(b)(2) because he was encountered in the United States without being admitted or paroled, and therefore remains an "applicant for admission" subject to mandatory detention, regardless of the length of time he has been present in the United States. *See Avila v. Bondi*, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *see also Morales v. Noem*, No. 25-cv-62598, 2026 WL 236307, *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) (denying substantially similar habeas petition, finding petitioner—who entered without inspection or admission but had been present in the United States for over 20 years—to still be an "applicant for admission" under the unambiguous language of Section 1225(b)(2)); *Perez Morales v. Noem*, No. 26-cv-60251, DE 15 (S.D. Fla. Feb. 9, 2026) (Dimitrouleas, J.) (adopting the analysis of the Fifth Circuit in *Buenrostro-Medina*); *Hernandez v. Miami Field Office Dir.*, No. 26-cv-20440, 2026 WL 554694, at *2, n.1 (S.D. Fla. Feb. 27, 2026) (Altman, J.) (recognizing the court was adopting the minority view of district courts to have addressed the issue, but suggesting that will likely change as it continues to reach the courts of appeals).

In *Buenrostro-Mendez*, the Fifth Circuit—the first court of appeals to address the question on the merits—recognized that presence without admission renders an individual like Petitioner both an "applicant for admission" and to be "seeking admission" under 8 U.S.C. § 1225(b)(2)—regardless of how much time the individual has been present in the United States. *Buenrostro-Mendez*, 2026 WL 323330 at *4-9. The Eighth Circuit reached the

same conclusion shortly thereafter. *Avila*, 2026 WL 819258 at *6.

Respondents acknowledge, however, that district courts across the country—including this Court—have reached the opposite conclusion regarding the application of Section 1225(b)(2). *See Perez v. Parra,* Case No. 25-cv-24820, DE 9 (S.D. Fla. October 27, 2025) (Williams, J.); *see also* Petition at ¶¶ 31-33.

The government has appealed at least two such orders emanating from within this district—including *Perez*; the appeals have been consolidated and expedited, oral argument took place on March 25, 2026, but a decision remains pending. *See Alvarez v. Warden*, No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.). Until the Eleventh Circuit rules, the government acknowledges that this Court's decision in *Perez*, among others, would control the result here—if the Court continues to adhere to those decisions in light of the Fifth and Eighth Circuit's contrary views. The facts here are not materially distinguishable and Respondents' legal argument regarding the applicability of Section 1225(b)(2) to the Petitioner remains the same.

Thus, while Respondents do not *consent* to the issuance of a writ or to an order requiring an immigration court bond hearing under 8 U.S.C. § 1226(a), in the interest of efficiency they incorporate by reference the legal arguments presented in substantially similar cases filed in this district,[3] and they submit the Court is positioned rule on the instant Petition without individualized legal briefing. Respondents also respectfully suggest that a hearing on the Petition is unnecessary and would not be a constructive use of party or judicial resources. As noted above, however, should the Court prefer to receive a formal memorandum of law

---

[3] *See* **Exhibit B**.

and fact specific to this Petition / Petitioner, Respondents will file one upon the Court's request.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   *Zakarij N. Laux*
ASSISTANT U.S. ATTORNEY
Florida Bar No. 93784
United States Attorney's Office
99 N.E. 4th Street, Suite 500
Miami, Florida 33132
(305) 961-9053
Zakarij.Laux@usdoj.gov

*Counsel for Respondents*