UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:26-cv-22206-KMW

YURISDEL SANCHEZ MADRUGA,

    *Petitioner*,

v.

  JUAN AGUDELO, *et al.*,

    *Respondents*.

_____/

## **NOTICE**

The undersigned AUSA, in exercising his duty of candor to the Court, among other ethical obligations, provides affirmative notice of ICE's violations of this Court's order to show cause [DE 3]—albeit, as proffered below, that the first violation was seemingly inadvertent and caused by necessity, and the second was caused by an emergency.

### **A. Background**

Respondents first note that the Petition has been fully briefed and pending a decision since April 9. *See* DE 5 (the Return, to which no reply was filed). In their Return, Respondents argued their position—which they noted this Court had previously rejected but for which there was then no binding authority—that Petitioner was an "applicant for admission" whose detention was therefore mandatory under 8 U.S.C. § 1225(b)(2).

After the Return was filed, the Eleventh Circuit decided *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026), in which it held that the detention of aliens similarly situated to Petitioner is governed by Section 1226(a), not Section 1225, and that they are entitled to be presented to an immigration judge for a bond hearing.

Based on what is now binding Circuit precedent, Respondents concede that the

Petition must be granted.[1]

### B. Notice of Transfers

In its order to show cause, the Court prohibited Respondents from transferring Petitioner "from the Florida Soft-Sided Facility-South" a/k/a Alligator Alcatraz (AA), without prior authorization. DE 3 at ¶ 8.

On April 6, 2026, immediately upon the issuance of the order, the undersigned advised the client agency of the prohibition. Agency counsel confirmed receipt, confirmed that Petitioner was still detained at AA, and advised that the detention authority was Section 1225(b)(2)—in other words, that this was a "*Hurtado*" matter.

#### 1)  Transfer to Krome due to AA's wind-down

On or about June 15, 2026, and due to the start of hurricane season, operations at AA began winding down and all detainees still housed there were transferred to other facilities. Accordingly, on June 15, Petitioner was transferred from AA to Krome. *See* **Exhibit A** (detention history).

The undersigned AUSA was not advised or consulted about this transfer and first learned of it on July 1, 2026. Although this transfer was indisputably a facial violation of the Court's order, it appears ICE failed to appreciate that the Court enjoined Petitioner's transfer *from AA*—instead, misconstruing the order as containing a prohibition against transferring Petitioner *outside of the Southern District of Florida*—a common prohibition included in orders to show cause issued by this Court and its colleagues in recent months.

#### 2)  Transfer from (and subsequent return to) Krome due to brush fire

Then—due to the recent brush fires that threatened the security of Krome (*see* **Exhibit**

---

[1] As noted below, *Alvarez* also allows Petitioner to administratively request a custody redetermination. He has not yet made that request, which might otherwise fully moot the Petition.

**B**), Petitioner was temporarily transferred to the El Valle Detention Facility in Texas, from June 21 to June 28. *See* Exhibit A.

Petitioner has already been transferred back to Krome, on June 28, once the danger of the brush fire passed. *Id.* He remains detained within this judicial district, at Krome.

\* \* \*

The United States Attorney's Office was not consulted or made aware of any of these transfers until late in the day on July 1, 2026.[2]

The undersigned apologizes on behalf of Respondents / ICE. To the extent necessary, Respondents request *nunc pro tunc* authorization to continue housing Petitioner at Krome due to the closure of AA. Alternatively, and in light of *Alvarez*, the undersigned suggests an order granting the Petition in part—ordering that Petitioner be presented before an Immigration Judge for a bond hearing—would be the most efficient resolution of this matter.[3]

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    *Zakarij N. Laux*
ASSISTANT U.S. ATTORNEY
Florida Bar No. 93784
United States Attorney's Office
99 N.E. 4th Street, Suite 500
Miami, Florida 33132
(305) 961-9053
Zakarij.Laux@usdoj.gov

---

[2] Any perceived delay in apprising the Court of this information was caused by (1) the holiday weekend and the undersigned taking leave on July 2 for pre-arranged holiday travel; and (2) a one-day delay in obtaining the detention history to attach to this response, which was not received until July 2 (while the undersigned was out of the office and unable to prepare or file this notice). Nevertheless, the undersigned apologizes on behalf of Respondent for not being able to file this notice more promptly.

[3] The undersigned has conferred with agency counsel and learned that Petitioner—who is represented by counsel—has not yet requested a custody redetermination, administratively, in light of *Alvarez*. His doing so may moot this case.